IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 02-02887(ESL) |
| REDONDO CONSTRUCTION CORPORATION | CHAPTER 11 |
| Debtor | |

| | |
|---|---|
| REDONDO CONSTRUCTION CORPORATION | ADV. PROC. NO. 03-00192 (ESL) |
| | ADV. PROC. NO. 03-00194 (ESL) |
| Plaintiff | ADV. PROC. NO. 03-00195 (ESL) |
| vs. | |
| PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY | |
| Defendant | |

OPINION AND ORDER

These adversary proceedings are before the court upon the *Urgent Objection to Motion for Additional or Amended Findings and to Alter or Amend Judgment and Request for Certification of Appeals to the United States Court of Appeals for the First Circuit* filed by the Plaintiff on February 19, 2014 (Docket No. 336)[1] and the *Response* thereto filed by the Defendant (Docket No. 338). The Plaintiff seeks direct certification to the United States Court of Appeals for the First Circuit under 28 U.S.C. § 158(d)(2)(B)(i) alleging as special circumstances that the Defendant appealed the Partial Judgment in Adv. No. 03-00192 to the United States District Court for the District of Puerto Rico and in Adv. No. 03-00195 to the United States Bankruptcy Appellate Panel for the First Circuit.

The detailed procedural background surrounding these adversary proceedings can be found in Redondo Constr. Corp. v. P.R. Highway & Transp. Auth. (In re Redondo), 678 F.3d

---

[1] Unless otherwise specified, all docket references are made to the ones in Adversary Proceeding No. 03-00192 since all entries in the other two adversary proceedings are basically the same documents, if not *verbatim* the same. Moreover, the captions in the motions filed in the three cases include all adversary proceeding references. The legal issues in all three adversary proceedings are the same.

-1-

115 (1st Cir. 2012), and <u>Redondo Construction Corporation v. P.R. Highway & Transp. Auth. (In re Redondo)</u>, 411 B.R. 89 (Bankr. D.P.R. 2009), and --- B.R. ---, 2014 Bankr. LEXIS 110, 2014 WL 174987 (Bankr. D.P.R. 2014).

The United States Court of Appeals has jurisdiction to review all final decisions, judgments, orders, and decrees entered by the United States District Courts or Bankruptcy Appellate Panels pursuant to 28 U.S.C. § 158(a) and (b). BAPCPA amendments also confer jurisdiction on the appropriate circuit of the United States Court of Appeals over appeals from Bankruptcy Court judgments, orders or decrees, both final and interlocutory, that would otherwise be within the jurisdiction of the District Court under 28 U.S.C. § 158(a) if the Bankruptcy Court, the District Court, or the Bankruptcy Appellate Panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken…
>
> 28 U.S.C. § 158(d)(2)(A).

The certification can be made by any the Bankruptcy Court, the District Court, or the Bankruptcy Appellate Panel, or by all appellants and appellees acting jointly. <u>See</u> 28 U.S.C. § 158(d)(2)(A). The Bankruptcy Court, District Court or the Bankruptcy Appellate Panel may act on its own motion or at the request of a party. <u>Id.</u> If it does so, it must certify the appeal if it "determines that a circumstance specified" above exists. <u>See</u> 28 U.S.C. § 158(d)(2)(B)(i). But 28 U.S.C. § 158(d)(2)(B) includes a clause (ii) that directs the Bankruptcy Court, District Court or Bankruptcy Appellate Panel to certify the appeal if it "receives a request made by a majority

of the appellants and a majority of appellees (if any) to make the certification." 28 U.S.C. § 158(d)(2)(B)(ii).  Because a request made by a majority of the appellants and a majority of the appellees would always be a "request of a party" and therefore governed by 28 U.S.C. § 158(d)(2)(B)(i), the inclusion of this second clause seems to imply that the Bankruptcy Court, District Court or Bankruptcy Appellate Panel need not make the determination that one of the required circumstances exists if the request is made by a majority of the appellants and a majority of the appellees, as opposed to a single party.  See Laura B. Bartell, The Appeal of Direct Appeal - Use of the New 28 U.S.C. § 158(d)(2), 84 Am. Bankr. L.J. 145, 156-157 (2010).

The Plaintiff's request for certification rests on the notion that the Defendant "has appealed the Partial Judgment in Adv. No. 03-00192 to the District Court and in Adv. No. 03-00195 to the BAP" (Docket No. 336, p. 8, ¶ 35).  That, however, does not fall under the circumstances provided in 28 U.S.C. § 158(d)(2)(A).  Therefore, the *Request for Certification of Appeals to the United States Court of Appeals for the First Circuit* (Docket No. 336) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 26th day of February, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

-3-