IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 02-02887 (ESL) |
| REDONDO CONSTRUCTION CORPORATION | CHAPTER 11 |
| Debtor | |
| REDONDO CONSTRUCTION CORPORATION | ADV. PROC. NO. 03-00192 (ESL) |
| | ADV. PROC. NO. 03-00194 (ESL) |
| Plaintiff | ADV. PROC. NO. 03-00195 (ESL) |
| vs. | |
| PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY | |
| Defendant | |

OPINION AND ORDER

These adversary proceedings are before the court upon the *Motion in Compliance with Opinion and Order* (the "*Motion in Compliance*") filed by Plaintiff Redondo Construction Corp. ("Redondo") (Adv. Proc. No. 03-00192 Docket No. 362, Adv. Proc. No. 03-00194 Docket No. 340 and Adv. Proc. No. 03-00195 Docket No. 265). The *Opinion and Order* is published at 513 B.R. 772 (Bankr. D.P.R. 2014) and makes reference to a prior *Opinion and Order* published at 505 B.R. 388 (Bankr. D.P.R. 2014)[1]. Both contain the procedural background of the instant adversary proceedings. Each adversary proceeding corresponds to a different project where Redondo intervened as a contractor: Adv. Proc. No. 03-00192 corresponds to project Desvío Sur de Patillas ("Desvío Sur de Patillas"), Adv. Proc. No. 03-00194 corresponds to PR 2 Mayaguez ("PR 2 Mayaguez"), and Adv. Proc. No. 03-00195 corresponds to Dorado-Toa Alta ("Dorado-Toa Alta"). Also before the court is the *Motion for Entry of Order Vacating Home-Office Overhead Damages* (the "*Motion to Vacate Overhead Damages*", Adv. Proc. No. 03-

---

[1] The *Opinion and Order* published at 505 B.R. 388 was affirmed by the U.S. District Court for the District of Puerto Rico at 2014 U.S. Dist. LEXIS 157826 (D.P.R. 2014).

00192 Docket No. 369, Adv. Proc. No. 03-00194 Docket No. 341 and Adv. Proc. No. 03-00195 Docket No. 320) filed by defendant Puerto Rico Highway and Transportation Authority ("PRHTA"). For the reasons stated below, Redondo's *Motion in Compliance* is hereby denied.

<u>Procedural Background</u>

On January 13, 2014, this court entered an *Opinion and Order* in the instant adversary proceedings granting Redondo pre-judgment interest at six percent (6%) under Article 1061 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3025, with an accrual period starting from the stipulated dates of substantial completion until PRHTA's final payment on the principal of the principal amounts for each project. <u>In re Redondo</u>, 505 B.R. at 408-409. In regards to the extended home-office overhead damages, the court ordered as follows:

> Because the *Joint Stipulations* filed by the parties do not address whether the extra work performed by Redondo in the three projects were the result of "necessary but unanticipated work" or whether the delay did not arise from a need to perform extra work as mandated by the [Court of Appeals for the] First Circuit [the "First Circuit"[2]], the court orders the parties to file additional stipulations to that effect or separate briefs making specific references to the evidence submitted during the trial to that effect and attaching copies of the same.
>
> If the extra work performed by Redondo in the three projects was the result of "necessary but unanticipated work" and the percentage-of-direct-costs method is applicable, the parties shall stipulate and/or brief the court on the percentage to be applied to the corresponding costs (via change orders and/or extra work orders) making specific references to the evidence submitted during the trial to that effect and attaching copies of the same.
>
> If the <u>Eichleay</u>[3] formula is to be applied, the court further orders the parties to stipulate the calculation of such damages and/or file separate briefs that include specific references to the evidence submitted during the trial to that effect and attaching copies of the same.
>
> <u>In re Redondo</u>, 505 B.R. at 409.

On July 14, 2014, the court entered a further *Opinion and Order* ruling as follows:

---

[2] <u>See</u> <u>Redondo Constr. Corp. v. P.R. Highway & Transp. Auth. (In re Redondo)</u>, 678 F.3d 115 (1st Cir. 2012).
[3] The <u>Eichleay</u> formula is the one established in <u>In re Eichleay Corp.</u>, 1960 ASBCA Lexis 1207, 1960 WL 538 (Armed Services Board of Contract Appeals 1960).

-2-

In view of the foregoing, pursuant to the First Circuit's rulings and mandate[4], the court concludes the Eichleay formula is inapplicable to the instant adversary proceedings. Redondo's claims for home-office overhead damages are only allowed under the percentage-of-direct-costs approach. The court orders the parties to file joint or separate motions within 30 days providing evidence of how Redondo has already been compensated for overhead damages, if at all, through the percentage-of-direct-costs approach. If Redondo has not been compensated through the percentage-of-direct-costs approach,the parties are hereby ordered to provide the calculation of such damages using that approach making specific references to the evidence submitted during the trial to that effect and attaching copies of the same. Failure to do so as instructed will result in the court deeming these damages paid and/or forfeited.

In re Redondo, 513 B.R. at 778-779.

On August 18, 2014, Redondo filed the *Motion in Compliance* (Adv. Proc. No. 03-00192 Docket No. 362, Adv. Proc. No. 03-00194 Docket No. 340 and Adv. Proc. No. 03-00195 Docket No. 265) contending that it is entitled to the extended home-office overhead damages for each of the three projects. For the PR-2 Mayaguez project, Redondo argues it is entitled to damages for extended home-office overhead under the percentage-of-direct-costs approach, whereas for the remaining two projects, to wit, Desvío Sur de Patillas and Dorado-Toa Alta, Redondo contends that PRHTA has conceded the claim for extended home-office overhead damages because it forfeited the opportunity granted by the court to file its brief on Redondo's overhead damages[5] and thus the overhead damages for those two projects are uncontested.

On August 20, 2014, PRHTA filed the *Motion to Vacate Overhead Damages* (Adv. Proc. No. 03-00192 Docket No. 369, Adv. Proc. No. 03-00194 Docket No. 341 and Adv. Proc. No. 03-00195 Docket No. 320) contending that: (a) "Redondo has already received payments for all extended overhead damages for all claims per the Bankruptcy Court Judgment for all adversary proceedings at issue"; (b) Redondo's "only proof in support of the home office overhead is the application of the Eichleay Formula" because it made "no reference whatsoever to proof regarding the way [its] operational expenses were affected"; and (c) "Redondo is not

---

[4] In re Redondo Construction Corp., 678 F.3d 115 (1st Cir. 2012).

[5] On February 12, 2014, PRHTA filed its *Brief* in compliance with the *Opinion and Order*, 513 B.R. at 778-779, only for the PR 2 Mayaguez Project (Adv. Proc. 03-00194 Docket No. 290), not for the other two projects (Adv. Proc. Nos. 03-00192 and 03-00195), informing that it "was [not] able to prepare [them] within the strict time constraints set by the [] court" (Adv. Proc. 03-00194 Docket No. 307, p. 5, ¶ 16). PRHTA did not request an extension of time to file such briefs in those adversary proceedings.

entitled to any extended home office overhead damages, and the profit awards must be proportionately reduced". Hence, PRTHA "requests that the [] court vacate the awards for the extended home office overhead [referring to the *Opinion and Order*, 513 B.R. 772], modify the resulting profit awards, and order Redondo to disclose the precise amount paid from the PRHTA funds deposited on Case No. 10-1371, in order to determine whether it has received more than it is due".

On August 29, 2014, Redondo filed a *Reply to Motion for Entry of Order Vacating Home-Office Overhead Damages* (Adv. Proc. No. 03-00192 Docket No. 371, Adv. Proc. No. 03-00194 Docket No. 342 and Adv. Proc. No. 03-00195 Docket No. 321) reiterating that it has not been compensated for its extended home-office overhead damages and that it has established its entitlement thereto.

On September 15, 2014, PRHTA filed a *Surreply to "Reply to Motion for Entry of Order…"* (Adv. Proc. No. 03-00192 Docket No. 374, Adv. Proc. No. 03-00194 Docket No. 345 and Adv. Proc. No. 03-00195 Docket No. 324) averring that "[a]ll of the evidence propounded by [Redondo in support of its extended overhead damages] are exactly the same proof and arguments in support of its Eichleay formula application, which th[e] Court already declined".

On September 25, 2014, Redondo filed a *Response to Sur-Reply to Reply to Motion for Entry of Order* (Adv. Proc. No. 03-00192 Docket No. 377, Adv. Proc. No. 03-00194 Docket No. 348 and Adv. Proc. No. 03-00195 Docket No. 327) reiterating that it has met its burden of establishing its right to be compensated for extended home-office overhead.

<u>Applicable Law & Analysis</u>

*(A)    Waiver of Arguments Not Raised on Appeal*

Redondo had proposed in its *Brief [] as to its Extended Home-Office Overhead Damages* that all the change orders and extra work orders in the three projects constitute contractual "novations", that PRHTA is now bound by them and that it must pay Redondo the extended home-office overhead damages under the Eichleay formula.  <u>See</u> Adv. Proc. No. 03-00192 Docket No. 333, p. 32, ¶ 115, Adv. Proc. No. 03-00194 Docket No. 293, p. 32, ¶ 115 and

-4-

Adv. Proc. No. 03-00195 Docket No. 288, p. 32, ¶ 115).  The court ruled that because "such argument was made for the first time by Redondo … after the *Judgment & Mandate* issued by the First Circuit and the *Mandate* issued by the U.S. District Court for the District of Puerto Rico remanding these cases to this court for further proceedings consistent with the First Circuit's ruling" and because "the First Circuit's instructions did not include any parameters on [] 'novation' for this court's consideration[,] … the court deems Redondo's [] 'novation' arguments forfeited".  In re Redondo, 513 B.R. at 776.  Redondo claims that "[c]ontrary to this Court's expression as to [it] having forfeited its [] novation argument, for not raising it prior to the filing of the Brief [] to the effect that the three (3) construction contracts were modified by the PRHTA to provide for the compensation to [Redondo] for extended home-office overhead damages upon completion of the projects", it did raise it at pages 65-72 of a brief it filed **on appeal** with the U.S. District Court for the District of Puerto Rico on August 31, 2009 (Adv. Proc. No. 03-00192 Docket No. 362, p. 4, ¶ 10, Adv. Proc. No. 03-00194 Docket No. 340, p. 4, ¶ 10, and Adv. Proc. No. 03-00195 Docket No. 265, p. 4, ¶ 10).

Arguments raised for the first time on appeal are waived.  See Abdallah v. Bain Capital LLC, 752 F.3d 114 (1st Cir. 2014); Randall v. Laconia, NH, 679 F.3d 1, 5 (1st Cir. 2012); French v. Bank of N.Y. Mellon, 729 F.3d 17, 21 n.2 (1st Cir. 2013) (treating as waived issue raised for the first time on appeal and unsupported by relevant citation); Eastern Sav. Bank, FSB v. LaFata (In re LaFata), 483 F.3d 13, 22 (1st Cir. 2007) (arguments raised for the first time on appeal are deemed waived); Scotiabank de Puerto Rico v. Brito (Plaza Resort at Palmas, Inc.), 469 B.R. 398, 408 (B.A.P. 1st Cir. 2012); Khan v. Bankowski (In re Khan), 375 B.R. 5, 13 (B.A.P. 1st Cir. 2007) (arguments not raised in the bankruptcy court cannot be raised for the first time on appeal).

Because the novation argument was raised by Redondo for the very first time on appeal, it is now waived and the court will not  consider it at this juncture.

*(B)      Extended Home-Office Overhead Damages*

This court has already ruled that "the <u>Eichleay</u> formula is inapplicable to any of the projects in the three adversary proceedings" and that "Redondo's claims for [extended] home-office overhead damages are only allowed under the percentage-of-direct-costs approach". <u>In re Redondo</u>, 513 B.R. at 778.  This court will not vary such determination at this stage as no party has requested so.  Hence, the mandated task for the parties is to demonstrate if "Redondo has already been compensated for [extended] overhead damages, if at all, through the percentage-of-direct-costs approach". <u>Id.</u> at 778-779.  "If Redondo has not been compensated through the percentage-of-direct-costs approach, the parties [were] ordered to provide the calculation of such damages using that approach making specific references to the evidence submitted during the trial to that effect and attaching copies of the same.  Failure to do so as instructed will result in the court deeming these damages paid and/or forfeited." <u>Id.</u> at 779.

Redondo's position in its *Motion of Compliance* is two-fold.  For the projects of Desvío Sur de Patillas (Adv. Proc. No. 03-0192) and Dorado-Toa Alta (Adv. Proc. No. 03-0195), Redondo contends that PRHTA has conceded the claim for extended home-office overhead damages because it forfeited the opportunity granted by the court to file its brief to oppose Redondo's overhead damages[6] and hence the damages for those two projects are uncontested.  In regards to the PR-2 Mayaguez project (Adv. Proc. No. 03-0194), Redondo argues it is entitled to damages for extended home-office overhead under the percentage-of-direct-costs approach.  Its factual arguments to demonstrate overhead damages under the percentage-of-direct-costs approach are virtually the same, if not identical *ad verbatim*, to the ones it had previously made to convince the court that it was entitled to overhead damages under the <u>Eichleay</u> formula.  Below is a summary comparison of the paragraphs in the *Motion in Compliance* with the ones stated by Redondo in its *Brief in Support of its Claims Against the PRHTA for Pre-Judgment Interest and Extended Home-Office Overhead Damages* (Adv. Proc.

---

[6] <u>See</u> footnote 5, *supra*.

No. 03-00194 Docket No. 268) and/or its *Brief as to its Extended Home-Office Overhead Damages* (Adv. Proc. No. 03-00194 Docket No. 293):

| ¶¶ of the *Motion in Compliance* (Adv. Proc. No. 03-00194 Docket No. 340) | Pages in Redondo's *Brief* in Support of its *Claims Against the PRHTA for Pre-Judgment Interest and Extended Home-Office Overhead Damages* (Adv. Proc. No. 03-00194 Docket No. 268) | ¶¶ of Redondo's *Brief as to its Extended Home-Office Overhead Damages* (Adv. Proc. No. 03-00194 Docket No. 293) |
|---|---|---|
| 15 | | 16 (*verbatim*) |
| 16 | | 17 |
| 17 | | 18 (*verbatim*) |
| 18 | | 19 (*verbatim*) |
| 19 | | 20 |
| 20 | | 21 (*verbatim*) |
| 21 | | 22 (*verbatim*) |
| 22 | | 23 (*verbatim*) |
| 23 | | 24 (*verbatim*) |
| 24 | | 25 (*verbatim*) |
| 26 | | 26 (*verbatim* except for a comma) |
| 27 | | 27 (*verbatim* except for an added "then") |
| 28 | | 36 |
| 29 | 12 (*verbatim* except for one preposition) | |

| | | |
|---|---|---|
| 30 | | 41 |
| 31 | | 48 (*verbatim* except for substituting "its work" for "its own") |
| 32 | | 55 (*verbatim* except for the defined terms) |
| 33 | | 56 |
| 34 | | 57 (*verbatim* except for eliminating the last clause) |
| 35 | 15 (*verbatim*) | |
| 36 | | 58 (*verbatim* except for certain abbreviations and the last sentence[7]) |
| 37 | | 61 |
| 38 | | 62 (*verbatim*) |
| 39 | 16-17 (*verbatim* except for a comma) | |
| 40 | 17 (*verbatim* except for the abbreviations and a comma) | |

PRHTA replies that "the only proof [provided by Redondo] in support of the home office overhead is the application of the <u>Eichleay</u> Formula" (Adv. Proc. No. 03-00192 Docket No. 369, p. 11, Adv. Proc. No. 03-00194 Docket No. 341, p. 11, and Adv. Proc. No. 03-00195 Docket No. 320, p. 11). In addition, PRHTA asserts that "Redondo has already received payment for all extended overhead damages, for all claims per the Bankruptcy Court Judgment for all adversary proceedings at issue". Adv. Proc. No. 03-00192 Docket No. 369, p. 4, Adv. Proc. No. 03-00194 Docket No. 341, p. 4, and Adv. Proc. No. 03-00195 Docket No. 320, p. 4. Redondo disputes such averment by PRHTA asserting that it "has in fact been compensated, as

---

[7] The last sentence of ¶ 58 of Redondo's *Brief as to its Extended Home-Office Overhead Damages* (Adv. Proc. No. 03-00194 Docket No. 293, p. 20, ¶ 58) stated as follows: "The same reveals that extended home-office overhead damages was computed based on the <u>Eichleay</u> formula". Such sentence was eliminated by Redondo in ¶ 36 of its *Motion in Compliance* (Adv. Proc. No. 03-00194 Docket No. 340, p. 11, ¶ 36).

the PRHTA did not appeal this Court's determination relative thereto, limiting its appeal to the First Circuit to the awards for extended home-office overhead, which is one of the two issues remanded by the First Circuit for determination by this Court, as to which RCC has not been compensated at all" (Adv. Proc. No. 03-00192 Docket No. 371, p. 6, ¶ 18, Adv. Proc. No. 03-00194 Docket No. 342, p. 6, ¶ 18, and Adv. Proc. No. 03-00195 Docket No. 321, p. 6, ¶ 18). PRHTA sur-replies that "[i]n light of the precise disbursement information provided [by Redondo], [PRHTA] clarifies that [Redondo] has not received full compensation for the home office extended overhead awards -- rather, it has already collected a significant amount that exceeds the sum of all awards not currently in dispute" and "reiterates that [Redondo] is not entitled to any extended home office extended overhead awards" because "[a]ll of the evidence propounded by [Redondo] in its [*Motion in Compliance*] are exactly the same proof and arguments in support of its <u>Eichleay</u> formula application, which this Court already declined" (Adv. Proc. No. 03-00192 Docket No. 374, p. 2, ¶ 4, and p. 6, Adv. Proc. No. 03-00194 Docket No. 345, p. 2, ¶ 4, and p. 6, and Adv. Proc. No. 03-00195 Docket No. 324, p. 2, ¶ 4, and p. 6). Redondo counters the PRHTA's arguments stating that both parties jointly filed a motion to withdraw the funds from the U.S. District Court for the District of Puerto Rico (Case No. 10-1371) "agreeing on the amount to be withdrawn by [Redondo] … which was in turn granted by the District Court" and therefore PRHTA is now judicially estopped from asserting that the amounts withdrawn were incorrect and/or in excess the sum of all awards not currently in dispute (Adv. Proc. No. 03-00192 Docket No. 377, p. 2, ¶ 6, Adv. Proc. No. 03-00194 Docket No. 348, p. 2, ¶ 6, and Adv. Proc. No. 03-00195 Docket No. 327, p. 2, ¶ 6).  The court agrees with Redondo to that extent.

Notwithstanding, Redondo also claims at this stage of the proceedings as follows:

[i]n deciding [Redondo]'s entitlement to extended home-office overhead damages a distinction must be made between the overhead associated with a change or extra work order as indicated in Sections 104.02, 104.06 and 109.04 of the Blue Book and the home-office overhead associated with the delays in the performance of the contracts resulting from the unexpected circumstances encountered by [Redondo] in their performance.  The two (2) concepts are separate and distinct,

and any overhead paid as part of change or extra orders is independent of that to which RCC is entitled as a result of the delays, measured in time.

…

The overhead percentage provided for in the change or work order clauses of the Blue Book, is the direct overhead associated with the actual performance of the changed or added work **and is unrelated to any time-impact that the change may have on the overall completion of the project**. This interpretation/definition is true, because the overhead percentage provided for in the change order clause applies equally (and evenly) to both types of changes that is; those that do not impact the contract time and those that do.

Adv. Proc. No. 03-00192 Docket No. 362, p. 14, ¶¶ 45 and 47, Adv. Proc. No. 03-00194 Docket No. 340, p. 14, ¶ 45 and 47, and Adv. Proc. No. 03-00195 Docket No. 265, p. 14, ¶ 45 and 47 (emphasis in original).

Redondo's proposed methodology to calculate the extended overhead damages does not comport to the First Circuit's mandated task to this court in the instant adversary proceedings, which is:

to find whether the delays in the three projects were due to "necessary but unanticipated work" (to which the court must apply the percentage-of-direct-costs approach) or whether the delay did not arise from a need to perform extra work (to which the court must apply the Eichley formula). The query further translates into finding if Redondo was compensated for the extra work performed caused by the delay. See In re Redondo, 678 F.3d at 124. If the extra work was compensated, then "the extended overhead should [be] awarded as a percentage of the direct costs associated with the projects' change orders and extra work orders".

In re Redondo, 505 B.R at 403.

The court finds that instead of demonstrating its entitlement to overhead damages under the percentage-of-direct-costs approach, Redondo insists on reviving its earlier Eichelay arguments, which the court has already denied. See In re Redondo, 513 B.R. at 778. This becomes more evident considering that one of the omitted sentences from Redondo's statements in its *Motion in Compliance* was: "The same [referring the same factual arguments it espoused therein] reveals that extended home-office overhead damages was computed based on the Eichleay formula" (Adv. Proc. No. 03-00194 Docket No. 293, p. 20, ¶ 58, deleted from Adv. Proc. No. 03-00194 Docket No. 340, p. 11, ¶ 36). Also see footnote no. 7, *supra*. Because the court already considered these factual arguments in denying the application of the Eichleay

formula, the court finds that Redondo did not comply with the mandated task of the court. Hence, as forewarned in the *Opinion and Order*, "[f]ailure to [demonstrate if Redondo has already been compensated for overhead damages, if at all, through the percentage-of-direct-costs approach] as instructed will result in the court deeming these damages paid and/or forfeited" in regards to the PR 2 Mayaguez project.  In re Redondo, 513 B.R. at 779.  The fact that the PRHTA did not file briefs on extended overhead damages at an earlier stage of the proceedings on the remaining adversary proceedings does not relieve Redondo of its burden of proof.  By failing to meet its burden, Redondo has forfeited any claim for extended overhead damages in the remaining projects.  Id. at 778-779.  The foregoing moots all remaining arguments.

Conclusion

In view of the foregoing, Redondo's *Motion in Compliance* (Adv. Proc. No. 03-00192 Docket No. 362, Adv. Proc. No. 03-00194 Docket No. 340 and Adv. Proc. No. 03-00195 Docket No. 265) is hereby denied.

Judgment will be entered accordingly[8].

SO ORDERED.

In San Juan, Puerto Rico, this 21st day of January, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[8] All other pending matters remanded by the First Circuit and the U.S. District Court for the District of Puerto Rico have already been disposed.  See In re Redondo, 678 F.3d 115 (1st Cir. 2012), 513 B.R. 772 (Bankr. D.P.R. 2014), 505 B.R. 388 (Bankr. D.P.R. 2014), and 2014 U.S. Dist. LEXIS 157826 (D.P.R. 2014).

-11-